Gordon JENKINS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37,959.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Scott Richardson, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Movant Gordon Jenkins has appealed denial of his Rule 27.26 motion to vacate sentence.

A jury had found movant guilty of attempted first degree robbery by means of a dangerous and deadly weapon and of assault with intent to kill with malice. The court sentenced movant to consecutive 15-year terms of imprisonment. Conviction was affirmed on appeal. *State v. Jenkins*, 516 S.W.2d 522 (Mo.App.1974).

Movant's sole contention on appeal is that the trial court erred in failing to correct his 15-year sentence for *attempted* first degree robbery. Section 560.135, RSMo. 1969[1] provided that "every person convicted of robbery in the first degree by means of a dangerous and deadly weapon shall suffer death, or be punished by imprisonment in the penitentiary for not less than five years." As to attempts, that statute declares: "(3) If the offense so attempted be punishable by imprisonment in the penitentiary, and a maximum punishment be prescribed therefor, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not exceeding one-half of the longest time prescribed for such offense, but if no maximum punishment be prescribed, the person so convicted shall be punished by imprisonment in the penitentiary for as long a time as the jury or court assessing the punishment may deem proper to impose . . ." Here, the statute provided a minimum of five years' imprisonment but no maximum number of years, so the 15-year sentence was permissible.

Since the sentence was within the statutory range it is not subject to movant's challenge that it was excessive. *State v. Phillips*, 480 S.W.2d 836[4] (Mo.1972).

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.

---

1. This was the statute in effect at the time of movant's trial.