**Gordon JENKINS, Petitioner,**

v.

**Donald WYRICK, Respondent.**

**No. 79–1408C(B).**

United States District Court,
E. D. Missouri, E. D.

Dec. 5, 1979.

Gordon Jenkins, pro se.

John Ashcroft, Atty. Gen. of Missouri, Jefferson City, for respondent.

MEMORANDUM

REGAN, District Judge.

Petitioner, a prisoner of the State of Missouri, seeks habeas corpus relief from the consecutive 15 year sentences imposed by the Circuit Court of the City of St. Louis following petitioner's conviction by a jury of attempted first degree robbery by means of a dangerous and deadly weapon and of assault with intent to kill with malice. The conviction was affirmed by the Missouri Court of Appeals, St. Louis District. *State v. Jenkins,* 516 S.W.2d 522 (1974).

The petition alleges that after the denial of petitioner's Rule 27.26 motion and the affirmance of said denial (see *Jenkins v. State,* 545 S.W.2d 675 (Mo.App.1976), he

sought federal habeas corpus in this district on two grounds not herein involved. Assuming without deciding that such piecemeal approach is justified (see Rule 9(b), Rules Governing Section 2254 cases in the United States District Court), we have concluded that it plainly appears from the face of the petition that petitioner is not entitled to relief.

The ground upon which relief is sought is that the sentences are excessive in that they exceed the maximum permissible under the applicable Missouri statutes. With respect to the attempted first degree robbery, the statute in effect at the time, Section 556.150 RSMo. provided in subsection 2 that if the offense so attempted be punishable by life imprisonment, the punishment for the attempt shall not exceed 10 years, and in subsection 3 that if no maximum punishment be prescribed for the offense so attempted, the punishment for the attempt shall be imprisonment for as long a time as the court or jury may deem proper to impose.

The resolution of petitioner's contentions involves a construction (as distinguished from the validity) of the Missouri statutes fixing the punishment for the offenses. In the Rule 27.26 decision, the Missouri Court of Appeals ruled the issue as to the attempted robbery sentence adversely to petitioner, thus construing subsection 3 of Section 556.150 to be applicable. The state court's interpretation of the state statute is conclusive upon us. We note that petitioner did not seek a rehearing in the Court of Appeals nor did he attempt to obtain a transfer to the Missouri Supreme Court to correct the allegedly erroneous construction of the statute. No federal constitutional question is presented by reason of the allegedly erroneous statutory construction.

As for petitioner's contention that his sentence for assault with intent to kill was also in excess of the statutory maximum, it does not appear that this ground was ever presented to the Missouri courts or ruled by them. Parenthetically, we note that the basic premise of petitioner is that the maximum punishment for an assault with intent to kill is five years unless the assault was "with malice aforethought." Reference to the opinion ruling petitioner's direct appeal, *State v. Jenkins*, 516 S.W.2d 522 (Mo.App. 1974) discloses that the judgment appealed from was a conviction of assault with intent to kill with malice aforethought. However, if petitioner believes the statute fixing punishment for his offense was erroneously applied to his conviction, he must seek relief in the state courts, and exhaust his remedies therein. This he has failed to do. Again, we find no federal constitutional question presented by the petition.

Inasmuch as it is evident from the face of the petition and the opinions in his state cases to which he refers that he is not entitled to relief in this Court, an order will be entered dismissing the petition.