**STATE of Missouri, Respondent,**

v.

**Orie G. TOMLIN, Appellant.**

**No. WD 44578.**

Missouri Court of Appeals,
Western District.

May 5, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

HANNA, Judge.

Defendant, Orie Tomlin, was found guilty by a jury of receiving stolen property, § 570.080 RSMo, 1986, and sentenced as a prior offender to five years in prison.

On appeal, defendant claims there was insufficient evidence to support the guilty verdict, that the court erred by allowing evidence he had stolen goods from his girlfriend's home at the time he moved from her house following their breakup, and in failing to declare a mistrial sua sponte after the prosecutor questioned him on whether his prior conviction was "like knowing a vehicle was stolen and not turning it in or doing anything about it". Judgement affirmed.

The following facts are viewed in the light most favorable to the verdict. In April of 1989, Mickey Lightfoot, a recent releasee from prison, went to visit his girlfriend, Toni Bifford, in Yates, Missouri. While driving to Yates, Lightfoot had an accident. Subsequently, the car he was driving, a 1989 blue Nissan 240 ZX, was towed to Bifford's house. Later Bifford decided she wanted it removed from her property. Bifford, Lightfoot, the defendant and his girlfriend, Alfa Graves, dis-

cussed selling the car on two or three occasions. Subsequently, defendant and his father went to Bifford's home and removed the car. Although the car appeared to be relatively new and had only 14,000 miles on it, defendant paid Bifford no money when he retrieved the car. Defendant and his father towed the car to Graves' home. Ms. Graves testified she knew the car was stolen and voiced her concerns to defendant. She stated the defendant told her he had checked the numbers out and the car was okay. He then told her she didn't know what she was talking about and should keep her mouth shut. During the course of the trial, evidence was produced that the Nissan automobile was stolen from Raytown, Missouri on April 12, 1989.

Defendant used Graves' garage to cut the car up with a blow torch and then sold two doors, a back bumper and a dash pad for sixty-five dollars. Other car parts were discovered in Graves' garage after she contacted the police complaining the defendant had taken some of her property when he had moved out of her house. Other facts will be reviewed as they become material to the disposition of the claimed error.

 In his first point, defendant contends the court erred in refusing to grant his motion for acquittal because there was insufficient evidence to support the guilty verdict.

In an appeal based on sufficiency of the evidence, this court must "view the evidence in the light most favorable to the state, including all reasonable inferences to be drawn from the evidence, and disregard contrary evidence and inferences." *State v. Davis*, 753 S.W.2d 25, 26 (Mo.App.1988). When the sufficiency of the evidence surrounding a defendant's knowledge of the stolen character of property is questioned on appeal, such "guilty knowledge" on the part of the defendant can be inferred by the circumstances and facts in evidence. *State v. Hubbard*, 759 S.W.2d 387, 389 (Mo.App.1988). The state is not required to produce direct evidence that the defendant knew the items in question were stolen. *State v. Supinski*, 779 S.W.2d 258, 263–64 (Mo.App.1989).

There was sufficient evidence for the jury to have inferred defendant was aware the car was stolen. In addition to the testimony previously set forth, there was evidence defendant had knowledge of some of the unusual history of the car and that Lightfoot had an interest in the automobile. There was evidence the reasonable used value of the engine, transmission and both doors was in excess of $1,000.00. Once various car parts had been removed from the car, defendant ran over the body of the Nissan with his Lincoln automobile and sold the remains as scrap metal. Finally, when the defendant took the car from Bifford's yard he did not receive any title or bill of sale and did not pay any money for the automobile.

Defendant's guilty knowledge is further confirmed by his testimony that when he sold the car parts he told the buyer he had purchased the car from an insurance company. The defendant also told police two conflicting versions of his purchase of the car and tried to get Graves to change her testimony at trial from her statement she previously made to the police. Missouri courts have held defendant's deceptive behavior and false statements to police officers can also be used to infer "guilty knowledge" on the part of the defendant. *State v. Wells*, 752 S.W.2d 396, 398 (Mo. App.1988).

Based upon this evidence, the jury could find beyond a reasonable doubt defendant knew the car he removed from Bifford's property was stolen. Defendant's point I is denied.

 In his second point, defendant contends the court erred in allowing the state to elicit testimony from various witnesses regarding Ms. Graves' complaint that the defendant removed some of her possessions from her home when he moved out of her house. He contends that for the jury to have received this evidence may well have led the jury to believe he would take a car he knew or believed to be stolen.

No objection was made to this testimony, therefore, we will review this point under the standard of plain error. Rule 84.13(c).

When using the plain error standard of review, the court must find the error complained of resulted in "manifest injustice." *State v. Sandles*, 740 S.W.2d 169, 175 (Mo. banc 1987). The burden of proving an error of the trial court resulted in manifest injustice is allocated to the defendant. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983).

During direct examination, the prosecutor questioned Graves and two sheriff's deputies[1] about why Graves had contacted the sheriff's department on May 12, 1990. In all of these instances, the witnesses testified an investigation was initiated based on Graves complaint that defendant had moved out and taken some of her property. As a direct result, the car parts in Graves' garage were discovered. It is this testimony defendant finds objectionable, relying on prior court rulings which state proof of the commission of a separate crime is not admissible unless it has a legitimate tendency to directly establish a defendant's guilt of the crime charged. *State v. Brown*, 670 S.W.2d 140, 141 (Mo. App.1984).

Generally, the state is precluded from introducing evidence of an accused's other criminal activities to demonstrate the likelihood that the accused committed the crimes for which he was presently charged. *State v. Churchir*, 658 S.W.2d 35, 37 (Mo. App.1983). However, when such evidence is relevant for another purpose, the evidence should not be rejected merely because it incidentally shows the accused to be guilty of another crime. *Id.*

The testimony in question was not presented to prove the defendant had committed another crime, nor was it presented to prove the defendant had committed this crime. Rather, the evidence was presented to explain why the police had been called in the first place, and how the police arrived in Graves' garage and thereby discovered the auto parts of the stolen Nissan. The state is allowed to "paint a complete picture" of the crime charged and is not re-

quired to sort through and separate the evidence. *State v. Whitman*, 788 S.W.2d 328, 337 (Mo.App.1990). This testimony was not offered to prove defendant committed other crimes, but rather to explain a police officer's conduct, which is relevant background information. It is admissible to give continuity to the police officer's action because it explains an officer's conduct rather than prove the truth of the facts asserted. *State v. Pieron*, 755 S.W.2d 303, 307 (Mo.App.1988).

Under the plain error standard there is nothing to indicate the alleged error in admitting this evidence resulted in a manifest injustice to the defendant. Appellant's second point on appeal is denied.

In defendant's final point he requests plain error review of the court's failure to declare a mistrial sua sponte after the prosecutor questioned him regarding his commission of a prior "criminal offense."

Again, the defendant failed to object so this allegation of error will be reviewed under the plain error doctrine per the same standards of manifest injustice. *Sandles*, 740 S.W.2d at 175, Rule 84.13(c).

The error about which defendant complains occurred during the prosecutor's questions of the defendant when he took the stand in his own defense. The prosecutor asked the defendant if he had ever been convicted of any other crimes and he responded by mentioning some traffic tickets. Additionally, he discussed having observed a crime and failing to report it. The prosecutor then asked the defendant if he was convicted of a crime for that behavior and defendant responded he wasn't sure. He continued, saying he thought it was a misdemeanor and "understands it was something like if you see a crime being committed and if you don't turn it in you are as guilty as if you did it yourself." The prosecutor asked the defendant, "[w]ould that be sort of like knowing a vehicle was stolen and not turning it in, not doing anything about it, same kind of thing?".

---

**1.** Ms. Graves' house was located partly in Randolph County and Howard County. Deputy Delaney was from Randolph County. Howard County Deputy Ehase arrested defendant and subsequently turned him over to Randolph County authorities.

The defendant objects to the final statement made by the prosecutor contending it was erroneous for the prosecutor to discuss his "prior conviction."

However, it was never established that the defendant's action was criminal misconduct, or whether criminal charges were ever brought against him because of this conduct. In fact, defendant's responses were so vague and lacking in detail that a specific crime was never established. The prosecutor never referred to a "prior conviction." The only statement the defendant made was he thought the misconduct he discussed was a misdemeanor. A prosecutor has an absolute right to use a defendant's prior convictions to impeach the defendant's credibility, but not as evidence that the defendant is guilty of the crime for which he is presently standing trial. *State v. Rice*, 689 S.W.2d 760, 762 (Mo.App. 1985).

In reviewing this testimony, it is not apparent any manifest injustice occurred. An error alone not resulting in manifest injustice, does not constitute plain error. *State v. Tate*, 733 S.W.2d 45, 46 (Mo.App. 1987). Appellant's third point is denied.

The judgement of conviction is affirmed.

All concur.