STATE of Missouri, Respondent,

v.

Maurice YATES, Appellant.

Maurice YATES, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61762, 63633.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 11, 1994.

Marcie W. Bower, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, District Judge.

Defendant Maurice Yates appeals from the judgment of conviction of first degree assault and armed criminal action. He also appeals the denial of his Rule 29.15 motion.

On May 12, 1990, Clayton Martin visited the home of David Mooney. Also present at the home was Jerry Leftridge. Martin, Mooney and Leftridge went to Sportsmen's Bar together to buy cigarettes. When Martin entered the bar, he noticed an individual who appeared intoxicated laying on a table. When Martin approached the individual, he was confronted by Maurice Yates. The two exchanged words, but Yates then withdrew to a back room.

However, when Martin, Mooney and Leftridge exited the bar and tried to enter the vehicle in which they had arrived, Yates and ten or twelve other men followed them into the parking lot. Jerry Missey and Gordon Sampson were also among the crowd that followed Martin, Mooney and Leftridge outside. As Leftridge tried to enter the vehicle, one of the men from the bar pulled him out of the vehicle. Martin tried to aid Leftridge, but he was pulled to the ground. Yates and several men from the bar beat and kicked Martin while he was on the ground. Then, Yates pulled Martin to his knees and stabbed him in the side.

The jury found defendant guilty of first degree assault and armed criminal action. Defendant appealed and also filed a *pro se* Rule 29.15 motion. That motion was denied without an evidentiary hearing, and defendant again appealed. Both appeals have been consolidated into this action. For the reasons set forth below, we affirm the convictions and remand the Rule 29.15 motion for an evidentiary hearing.

I

■ The defendant's first point on direct appeal is that the trial court failed to declare a mistrial *sua sponte* after the prosecutor unduly emphasized the defendant's previous conviction and injected an irrelevant issue into the jury's deliberation by stating his personal opinion of the defendant's height in his closing argument. The defendant recognizes that no objection was made at the time of trial or in defendant's motion for new trial. We are asked to review the alleged errors for plain error.

■ Under the plain error rule, we will set aside a lower court ruling only when it affects the rights of the accused to the extent of manifest injustice or miscarriage of justice if left uncorrected. *State v. Sandles,* 740 S.W.2d 169, 177 (Mo. banc 1987).

The prosecutor asked the defendant about the criminal records of Sampson and Missey, two other individuals involved in the fight. After the defendant answered these questions, the prosecutor asked the defendant about his own previous conviction. The whole exchange was as follows:

Q. Do you know if Mr. Sampson has ever been convicted of killing somebody?

MS. DAVIS: I'm going to object to the relevancy.

A. Not to my knowledge.

MS. DAVIS: I'll withdraw the objection.

Q. (By Mr. Tindall) Do you know if Mr. Missey has ever been convicted of killing somebody?

A. He was involved in some kind of case, but I don't know what it was, what it all pertained to, and I'm not going to speculate on it.

Q. It could have been a drug case?

A. No, it was a murder case.

Q. But you don't know the results?

A. I don't know the particulars in it. I know he was involved in some manner. The outcome was ruled in his favor apparently because he didn't go to prison.

Q. But you do know you've been convicted of manslaughter?

A. Yes, sir.

This was the extent of the questioning. The defendant was then dismissed as a witness.

■ In general, when a defendant testifies, he is subject to cross-examination and impeachment as is any other witness. § 546.269 RSMo (1986); *State v. Flenoid,* 838 S.W.2d 462, 468 (Mo.App.1992). A prosecutor has an absolute right to use a defendant's prior convictions to impeach the defen-

dant's credibility, but not as evidence that the defendant is guilty of the crime for which he is presently standing trial. *State v. Tomlin*, 830 S.W.2d 31, 35 (Mo.App.1992).

In the instant case, the record does not reveal any error resulting in manifest injustice from this line of questioning. Defendant's credibility was a crucial issue because his version of events differed from that of other witnesses. Thus, it was appropriate to ask about a prior conviction on cross-examination. In final argument, the prosecutor referred to defendant's prior conviction and specifically called upon the jury to consider this in terms of defendant's credibility. The prosecutor's expression of opinion regarding defendant's height, while beyond the scope of the evidence, was too inconsequential to draw an objection. Likewise, it is too inconsequential to invoke manifest injustice consideration as plain error. Point denied.

## II

In his second point on direct appeal, the defendant claims that the trial court erred in giving Instruction Number 3, patterned after MAI–CR3d 302.04, defining "reasonable doubt."

The Missouri Supreme Court has already ruled on this issue based on an identical instruction defining "reasonable doubt." *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991). The court ruled that this instruction does not violate a defendant's right to due process and is constitutional. *Griffin* at 282; *State v. Baker*, 859 S.W.2d 805, 815 (Mo.App.1993). Point denied.

## III

Defendant also appeals the denial of his Rule 29.15 motion. Our review of the denial of defendant's Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc 1992). The findings and conclusions are clearly erroneous only if, after review of the entire record, this court is left with the definite and firm impression that a mistake has been made. *Id.* at 874.

■ Defendant maintains the motion court's findings were clearly erroneous in failing to find that defendant was denied effective counsel at trial. Defendant further argues the motion court's denial of an evidentiary hearing on this matter was clearly erroneous. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a movant seeking relief under Rule 29.15 must plead facts, not conclusions, which if true would warrant relief. *State v. Jennings*, 815 S.W.2d 434, 448–49 (Mo.App.1991). The allegations must be unrefuted by the record, and the matters complained of must have prejudiced the defendant. *Id.* at 449.

■ In the instant case, the defendant alleges that trial counsel was ineffective in failing to interview and call Danny and Gordon Sampson as witnesses. In his motion, defendant alleges both of these witnesses were available and willing to testify and that he requested that his attorney call them. He set forth in detail the anticipated testimony of each of the individuals. This testimony, defendant alleged, would show that the Sampsons and Missey were the participants in the assault against Martin and that the defendant was involved with Mooney on the other side of the pickup truck.

The motion court denied defendant's motion and found it did not warrant an evidentiary hearing. The motion court stated its conclusion in the following language:

Regarding Ground [1 and 2] the court does find that Ground [1 and 2] does in fact merely state conclusions and in no way sets forth evidentiary facts which sustain the finding of ineffectiveness of counsel. Further, the court finds that even if defendant were able to establish by sufficient

evidence that in fact that which is alleged did not occur, then in fact said decision would be a trial decision by Counsel and not subject to further review.[1]

This conclusion is simply not supported by the record. Defendant's motion sets forth three pages of detailed evidentiary facts which defendant alleges would constitute the testimony of the two witnesses. Although it may be unlikely that the Sampson brothers would testify to some of the facts which would incriminate them, defendant has alleged they were willing to do so. In the absence of any contradiction in the record, such allegations are sufficient to warrant an evidentiary hearing. Moreover, in the absence of any facts, we are unable to read the mind of trial counsel to determine that the decision not to call allegedly exculpatory witnesses was trial strategy. *State v. McCauley*, 831 S.W.2d 741, 743–44 (Mo.App.1992).

■ The trial court utilized the same "boiler-plate" language quoted above to support the denial of defendant's claim of ineffectiveness of counsel for failing to cross examine Jerry Missey concerning a "deal" with the prosecutor for leniency in return for his testimony. Nevertheless, the point was properly denied because Missey testified as a defense witness and was not subject to cross-examination by defense counsel. Furthermore, for the most part, his testimony was beneficial to the defendant and there would be no reason to attack his credibility.

None of the other grounds for relief alleged in defendant's motion have been asserted in his brief on appeal and are therefore abandoned.

The judgment of conviction of first degree assault and armed criminal action is affirmed. The denial of the Rule 29.15 motion is reversed and remanded for an evidentiary hearing on the allegations of ineffective assistance of counsel regarding the failure to interview and call the Sampson brothers as witnesses.

GRIMM, P.J., and AHRENS, J., concur.

---

1. This identical language was set forth five times in the motion court's findings and conclusions as the basis for denial of five of the six grounds for relief alleged in defendant's motion. The only specific finding by the motion court related to Ground 4, a charge of impropriety regarding the selection of the jury venire, which the court found unsupported by the record. This charge has been abandoned on appeal.