**STATE of Missouri, Respondent,**

v.

**Douglas SINAMON, Appellant.**

**Douglas SINAMON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 66244, 67885.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 24, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and WHITE, JJ.

PER CURIAM.

On the testimony of eye witnesses the state proved defendant stole a lady's wallet which contained three credit cards. One witness chased and caught him. Defendant surrendered the wallet. Thus, defendant was convicted of Stealing a Credit Device, § 570.030 RSMo 1994, a class A felony. He was sentenced as a persistent offender. He filed a direct appeal and a Rule 29.15 appeal after his motion was denied without a hearing.

Defendant testified he was in the tavern, spoke to some people, left, heard something about a chase, so he ran. He denied taking the wallet. On direct examination he explained prior convictions for Knowingly Burning and Exploding and Robbery Second Degree. On the former, he was placed on probation. On the latter, he was incarcerated.

■ Defendant's two direct appeal issues are without merit. MAI–CR3d 302.04, defining reasonable doubt, has been approved as constitutional by the Missouri Supreme Court. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Blankenship,* 830 S.W.2d 1, 13 (Mo. banc 1992); and *State v. Antwine,* 743 S.W.2d 51, 63 (Mo. banc 1987).

■ There was no plain error by the trial court when the state cross-examined defendant for purposes of impeachment about the two prior convictions he acknowledged on direct. *State v. Yates,* 869 S.W.2d 270, 271–272 (Mo.App.E.D.1994).

■ Movants have often alleged ineffective assistance because counsel refused to allow them to testify. Here, movant argues ineffective assistance of counsel because his attorney insisted movant testify where movant instructed counsel he chose not to testify. On that issue he is entitled to a hearing.

■ The motion court branded the issue a matter of trial strategy and summarily denied relief. Movant acknowledges he must prove counsel's assistance was deficient and prejudicial. *Antwine v. State,* 791 S.W.2d 403, 406 (Mo. banc 1990). He wants a hearing to prove he told his counsel he chose not to testify but his attorney forced him to testify. This contention is not satisfied by a finding movant was bound by the strategy of his attorney. Strategy is a decision within the purview of a trial attorney. The decision not to testify belongs to defendant, not his attorney.

An attorney may not force a defendant in a criminal case to testify. *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971); *State ex rel. Munn v. McKelvey,* 733 S.W.2d 765, 768 (Mo. banc 1987). Here, the allegation in the Rule 29.15 motion is movant was forced by his attorney to testify after he "told counsel that he did not wish to testify." This allegation stands unopposed because there was no hearing. If he proved, and the motion court finds, he was forced to testify over his decision to the contrary and proved prejudice, he may be entitled to relief. It is sufficient that his counsel may have been ineffective by denying movant's decision not to testify and that counsel's conduct was prejudicial. We limit our decision to a remand for a hearing on the allegations.

The judgment and sentence are affirmed. We remand for a Rule 29.15 hearing.