**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Jeffrey Lynn LOVEALL, Defendant–
Appellant.**

**No. 24961.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 29, 2003.

Ellen H. Flottman, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Jeffrey Lynn Loveall (defendant) was convicted, following a jury trial, of receiv-

ing stolen property.[1] § 570.080.[2] Defendant was charged as, found to be, and sentenced as a persistent offender. *See* § 558.016.3. This court affirms.

Defendant's points on appeal include a claim that the evidence was insufficient to support the jury's guilty verdict.

In considering claims of insufficiency of the evidence in criminal cases, appellate review is limited to determining if the evidence was sufficient for a reasonable juror to have found the person charged with the crime guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo.banc), cert. denied 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). This court accepts as true all evidence favorable to the state, including favorable inferences drawn from the evidence and disregards evidence and inferences to the contrary. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo.banc 1989).

*State v. Hudson,* 970 S.W.2d 855, 858 (Mo. App.1998).

In March or April of 2000, defendant was at Sharon Ward's store in Protem, Missouri. He told Ms. Ward he had some power washers "at a real good price" and asked if she needed one. Sometime around April 15 defendant came to the store again and told Ms. Ward he had one power washer left. He asked if she was interested. She said she was. Ms. Ward bought the power washer from defendant for $150.

Shortly after selling the power washer to Ms. Ward, around May 1 or May 2, defendant had a conversation with Protem's postmaster, Ron Casey. Casey asked about buying a power washer. Defendant told Casey he "got rid of the one he had" but thought he could get another one. Casey told defendant, "[I]f you come up with one, yeah, I would love that."

On May 3, Sue Stanley was working at the customer service desk at the Wal–Mart store in West Plains. A man came to the counter with a boxed power washer. The box had a pink sticker on it that indicated the item had been brought into the store through the front door. The man asked for a refund. Ms. Stanley asked for a receipt and was told the washer had been received as a gift. She asked if he could get a receipt from the person who gave it to him. He said he probably could. The pink sticker was removed from the box because the man was leaving the store with it. The man left with the box.

That afternoon, May 3, Sandra Sloan was at defendant's house when defendant and another man arrived in a pickup truck about 2:45 p.m. There was a large box in the truck. Ms. Sloan was told it contained a power washer. She asked defendant what he was going to do with it. Defendant told her he was going to clean gutters and houses. Ms. Sloan left defendant's house about 3:15 p.m.

The same afternoon, May 3, defendant telephoned Ron Casey and asked if he still wanted a power washer; that if he did, defendant had one and would bring it to him. Mr. Casey told him that would be fine. About 4:00 p.m. defendant brought the power washer to Mr. Casey. The power washer was in a Wal–Mart box in the back of a truck. Casey paid defendant $150 for the washer. Defendant told Casey he got the power washer "somewhere around Harrison" from a friend who had a "deal" on freight-damaged goods.

---

1. Defendant was charged with a second offense of receiving stolen property (Count I of the First Amended Information). He was found not guilty of that offense.

2. References to statutes are to RSMo 1994.

Taney County Deputy Sheriff Roger Ellis had asked Casey sometime before he bought the power washer whether he bought one from defendant. Casey told him he had not. After he bought the power washer, Casey contacted Officer Ellis. Mr. Casey did not want the deputy to think he had lied to him previously. Mr. Casey told Officer Ellis he bought a power washer from defendant after the earlier conversation.

Officer Ellis examined the item Casey bought and the box it was in. Officer Ellis cut the shipping label from the box and made it available to Wal–Mart personnel to determine the history of the power washer. The label revealed the item had been shipped to the West Plains store on March 16, 2000. Store records generated from bar coding on Wal–Mart boxes disclosed that the first power washer sold at the Wal–Mart store after that shipment date was sold May 24, 2000, after the date defendant sold the power washer to Mr. Casey.

Later, Mr. Casey received a letter from defendant. The letter was mailed January 21, 2001. In the letter, defendant apologized to Casey for getting him involved. Defendant told Casey he wanted him to know he was not selling a power washer because of drugs; that he had bills and "couldn't make ends meet."

Defendant's first point on appeal asserts the trial court erred in denying defendant's motions for judgment of acquittal; that the state failed to produce sufficient evidence from which a jury could find beyond a reasonable doubt that defendant disposed of the power washer while knowing it to be stolen.

The jury was instructed that if it found from the evidence beyond a reasonable doubt the following, it was to find defendant guilty of receiving the stolen property that is the subject of this appeal:

First, that on or about the 3rd day of May 2000, in the County of Taney, State of Missouri, the defendant disposed of a power washer, and

Second, that the power washer was the property of another, and

Third, that at the time defendant disposed of this property, he knew or believed it had been stolen, and

Fourth, that defendant disposed of the property for the purpose of withholding it from the owner permanently or using or disposing of it in such a way that made recovery by the owner unlikely, and

Fifth, that the property had a value of at least one hundred fifty dollars.

The instruction further admonished the jurors that unless they found and believed from the evidence beyond a reasonable doubt each and all of the propositions stated, they were required to find defendant not guilty of the offense.

Point I is directed to the element of the offense stated in paragraph Third of the verdict-directing instruction—that defendant knew or believed the power washer had been stolen at the time he disposed of it. Point I does not contest the sufficiency of the evidence in support of the other elements of the offense.

■■■ "When the sufficiency of the evidence surrounding a defendant's knowledge of the stolen character of property is questioned on appeal, such 'guilty knowledge' on the part of the defendant can be inferred by the circumstances and facts in evidence." *State v. Tomlin,* 830 S.W.2d 31, 33 (Mo.App.1992). Direct evidence that a defendant knew items in question were stolen is not required. *Id.* A false statement given in explanation of the source of property by one possessing it is a factor inconsistent with the possessor's in-

nocence and may be considered in determining if he had guilty knowledge. *State v. Hubbard,* 759 S.W.2d 387, 389 (Mo.App. 1988). Suspicious conduct, deceptive behavior, and false statements can give rise to an inference of guilty knowledge by a defendant. *State v. Hayes,* 597 S.W.2d 242, 248 (Mo.App.1980).

■ The jury could have found defendant's statement that his source of the power washer was through someone who could get good deals on freight-damaged merchandise was suspicious due to the item defendant sold and the carton it was in having no sign of damage. It could have likewise concluded the sale of an item "at a real good price" for $150 that sold retail for $299 was suspicious. The jury heard testimony that defendant told Sandra Sloan, a visitor at his house, that he planned to use the power washer to clean gutters and houses. Shortly thereafter, defendant approached Mr. Casey about buying the power washer. The jury could have believed those circumstances demonstrated deceptive behavior by defendant and, in view of defendant's knowledge that Mr. Casey was interested in acquiring a power washer, the jury could have concluded defendant's statement to Ms. Sloan about his purpose for having the power washer was a false statement.

Defendant's letter to Mr. Casey could have been understood by the jury to be a statement that defendant knew the power washer he sold Mr. Casey was stolen; that defendant was attempting to use the fact that he "had bills" and "couldn't make ends meet" as an excuse for involving Mr. Casey in defendant's criminal activity. The evidence was sufficient to give rise to an inference of guilty knowledge by defendant. The evidence was sufficient for a reasonable juror to have found defendant knew the power washer he sold Mr. Casey was stolen; that it was property of another. Point I is denied.[3]

Point II argues the trial court failed to read Instruction Nos. 1 and 2, MAI–CR3d 302.01 and MAI–CR3d 302.02 to the jury. Point II contends this constituted plain error; that defendant was prejudiced in that "the jury [was provided] no guidance for evaluating the evidence as it was adduced."

■ The state suggests, however, and this court agrees, that the record on appeal does not demonstrate Instruction Nos. 1 and 2 were not read to the jury. Trial of this case commenced January 28, 2002. The trial court docket entry that date recites the presence of defendant and his attorney and attorneys for the state. It is followed by rulings on issues set forth in motions in limine of defendant and the state. The entries directed to the motions in limine are followed by entries stating, "Jury sworn; Voir Dire; Jury selected after cause and premptory [sic] strikes. Jury admonished and released for lunch.

---

**3.** Defendant's reliance on *State v. Price,* 980 S.W.2d 143 (Mo.App.1998), for the proposition that evidence was not sufficient to show his knowledge that the item he sold was property of another is misplaced. The defendant in *Price* was charged alternatively with second degree burglary and with having received property from another that was stolen, not with having knowingly disposed of another's property. *Price* held the state had made a submissible case on the charge of second degree burglary and could have charged and submitted stealing. *Price* concluded there was not evidence to support a finding that anyone other than the defendant in that case stole the personal property in question; that there was no evidence anyone took the property and subsequently transferred it to that defendant. For that reason, *Price* held the evidence was not sufficient to support the conviction for receiving stolen property as charged in that case. The circumstances of *Price* are inapposite to those of this case. Here the defendant was charged with disposing of property of another.

Jury instructed to 1st and 2nd instructions." The copies of jury instructions that are part of the legal file include copies of Instruction Nos. 1 (MAI–CR3d 302.01) and 2 (MAI–CR3d 302.02).

■ An appellant has the duty to file the transcript and prepare a legal file sufficient to permit determination of the issues raised. *State v. Scott*, 933 S.W.2d 884, 886 (Mo.App.1996). On the basis of the record before it, this court finds nothing in the record from which it can conclude the instructions to which Point II is directed were not read to the jury. Point II is denied.[4]

Point III claims the trial court erred in sentencing defendant to imprisonment for a term of ten years for the offense for which he was found guilty "because the [trial] court improperly took into account in imposing sentence [defendant's] failure to appear at a previous hearing." Defendant asks this court to review Point III for "plain error." *See* Rule 30.20.

■ Defendant does not complain that the sentence imposed was in excess of the range of punishment permitted by statute nor does this court so find. A sentence within the statutory range is, generally, not subject to challenge on the basis that it is excessive. *Jenkins v. State*, 545 S.W.2d 675, 676 (Mo.App.1976). This court declines defendant's request for plain error review. Point III is denied. The judgment and conviction are affirmed.

PREWITT, P.J., and RAHMEYER, C.J., concur.

---

4. This court notes that the transcript, at the beginning of trial, includes a transcriber's note that states the sound recording device used to record the trial proceedings was not turned on when the proceedings began. The trial transcript appears to begin with the first witness called by the state.