**Jeffrey L. LOVEALL, Movant–Appellant**

v.

**STATE of Missouri, Respondent.**

No. 27617.

Missouri Court of Appeals,
Southern District,
Division One.

March 6, 2007.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cecily L. Daller, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Jeffrey L. Loveall (movant) was convicted following a jury trial of receiving stolen property, § 570.080, RSMo 1994. *See State v. Loveall,* 105 S.W.3d 569 (Mo.App. 2003). Following incarceration, movant filed a pro se motion for post-conviction relief as permitted by Rule 29.15. An amended motion was filed by counsel and an evidentiary hearing held. Findings of fact and conclusions of law were entered and the motion denied. This court affirms.

Following movant's trial in the underlying criminal case, sentencing and hearing on any post-trial motions was set for March 8, 2002. The records on appeal in this case and in the underlying criminal case make no reference to any action having been taken in the criminal case on that date. On March 15, 2002, the prosecuting attorney appeared before the trial court. The attorney representing movant in the criminal case appeared. Movant failed to appear. The trial court advised those present that it would take up the motion for new trial filed on behalf of movant;

that movant's absence precluded proceeding with sentencing.

The trial court observed that prior to the court proceeding on the record, movant's trial attorney stated that his office "had phone confirmation with [movant] in the last couple of days." The motion for new trial was argued and overruled. Movant's trial attorney also argued a motion for acquittal notwithstanding the verdict. The trial court overruled the motion and ordered the proceedings stayed pending movant's presence for sentencing. Movant's bond was revoked and the state directed to file a motion for forfeiture. On March 18, 2002, capias warrant was ordered for movant's apprehension.

On May 10, 2002, movant appeared with his attorney for sentencing. The prosecuting attorney appeared on behalf of the state. The state withdrew its motion for bond forfeiture. Prior to imposing sentence, the trial court noted that movant's mother suggested movant had been confused by the message movant received from the trial attorney's office regarding the March 15, 2002, sentencing date. The trial court requested that movant's trial attorney address the matter. The attorney advised the trial court that the legal assistant in his office who handled criminal cases stated she had a telephone conversation with movant a few days before March 15 in which she reiterated the court date. The trial court then imposed sentence of confinement for a term of ten years.

Movant's claims for relief in his Rule 29.15 motion include assertions of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The motion court's findings and conclusions include, however, that "movant's claims are precluded due to movant's actions after the trial in which movant absconded and assumed another identity. Movant's actions put him squarely attempting from [sic]

escaping justice and thus, bar his PCR claims." The motion court observed that "[m]ovant and movant's mother both testified at the PCR hearing that they failed to contact [movant's trial attorney's] office or the Taney County Circuit Clerk's Office concerning the sentencing date. Additionally, movant's mother testified that she heard that there was a warrant for movant sometime in March, 2002; however, movant still proceeded to leave the Taney County area and obtain fictitious identification card from Arkansas and a fictitious driver's license from Missouri." The motion court held:

> Through movant's actions ..., the Court concludes that movant was attempting to abscond from the Taney County area, avoid his sentencing and escape from justice. As a result, the Court finds that movant's actions fall squarely under the Escape Rule, and movant is not now able to collaterally attack the sentence he was attempting to thwart. Therefore, based on the Escape Rule, movant's PCR claims are denied in their entirety.

The motion court further found, however, that a review of movant's claims on the merits afforded no basis for relief.

This court's review of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *State v. Gilpin*, 954 S.W.2d 570, 575 (Mo.App.1997).

Movant's first point on appeal contends the motion court erred in denying his Rule 29.15 motion on the basis of the escape rule. He argues that allegations on which the motion court relied related to post-capture error to which the escape rule

does not apply and that movant's failure to appear at the March 15, 2002, sentencing date "was not intentional and did not hinder the administration of justice."

The state contends that the motion court properly applied the escape rule and properly exercised its discretion in concluding that the rule precluded movant's right to post-conviction relief. The state points to the fact that movant's escape lasted almost two months—from March 15, 2002, to May 10, 2002—and that there was evidence that movant not only failed to appear, but intentionally sought to avoid apprehension by creating a false identity. This, suggests the state, imposed a burden on the judicial system and demonstrated movant was unwilling to abide by rules and decisions that govern the system from which movant now seeks relief.

■ *Fogle v. State,* 99 S.W.3d 63 (Mo. App.2003), explains the escape rule.

The escape rule denies the right of appeal to a defendant who escapes justice. *State v. Troupe,* 891 S.W.2d 808, 809 (Mo.banc 1995). The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. *Vangunda v. State,* 922 S.W.2d 857, 858 (Mo.App. 1996). The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of the movant's claim or it dismisses the motion based on application of the rule. *Id.* The escape rule only applies to errors that occur prior and up to the time of escape. *Robinson v. State,* 854 S.W.2d 393, 396 (Mo. banc 1993). Once a defendant escapes and has been returned to custody, he is entitled to appeal any errors that occurred post-capture. *Id.*

*Id.* at 65.

■ "There is no threshold amount of time an appellant must have escaped jus-tice before dismissal is allowed. Flights justifying dismissal have ranged from ten-and-one-half years, [*State v.] Gilmore,* 727 S.W.2d [469 (Mo.App.1987) ] at 469, to fifteen days, *State v. Janson,* 964 S.W.2d 552, 554 (Mo.App.1998)." *Holmes v. State,* 92 S.W.3d 193, 196 (Mo.App.2002). Movant's 56–day escape permits application of the escape rule regarding any asserted errors that occurred prior and up to the time of his escape.

■ Movant's claim in Point I that movant's failure to appear was not intentional and did not hinder the administration of justice is denied. The evidence was that movant's mother advised movant a day or two following March 15 that a capias warrant was outstanding for his apprehension due to his failure to appear for sentencing on that date. Movant did not surrender until May 10 and, in the interval, obtained false identification documents. The motion court had sufficient evidence before it to conclude that these were efforts to thwart justice; that his absence during that interval was intentional and with knowledge that he was a fugitive. The motion court's determination that movant's actions adversely affected the administration of justice is not clearly erroneous. Point I is denied with respect to actions about which movant complains other than actions that may have occurred following movant's apprehension.

■ Point II complains of actions of movant's trial counsel with respect to the hearing on the motion for new trial that occurred March 15, 2002. This occurred prior to or during the time movant was a fugitive; thus, by his actions, movant forfeited his right to appeal the issues he now attempts to appeal. *State v. Buff,* 34 S.W.3d 856, 857 (Mo.App.2000). Point II is dismissed.

Point III is directed to movant's appellate counsel's representation of movant in the direct appeal of his criminal case. Movant may pursue that issue in that it is directed to actions that occurred subsequent to his apprehension and sentencing. Point III contends movant was denied effective assistance of appellate counsel in his criminal case; that the motion court, therefore, erred in denying his Rule 29.15 motion because his appellate counsel failed to reference relevant transcript passages from the trial record that movant claims would have demonstrated that the trial court did not read Instruction Nos. 1 and 2 to the jury.

The matter of giving Instruction Nos. 1 and 2 was addressed in the direct appeal in movant's criminal case. One of the points on appeal in that case was the claim that the trial court failed to read those instructions. The claim was asserted as plain error.[1] This court denied that point concluding that the record did not reveal that the instructions had not been read to the jury. *State v. Loveall, supra*, states:

Trial [in the criminal case] commenced January 28, 2002. The trial court docket entry that date recites the presence of [movant] and his attorney and attorneys for the state. It is followed by rulings on issues set forth in motions in limine of [movant] and the state. The entries directed to the motions in limine are followed by entries stating, "Jury sworn; Voir Dire; Jury selected after cause and

premeptory [sic] strikes. Jury admonished and released for lunch. *Jury instructed to 1st and 2nd instructions." The copies of jury instructions that are part of the legal file include copies of Instructions Nos. 1 (MAI–CR3d 302.01) and 2 (MAI–CR3d 302.02).* [Emphasis added.]

105 S.W.3d at 573–74.

In the direct appeal, this court found nothing that inferred that Instruction Nos. 1 and 2 had not been read. A revisiting of the record on appeal from the criminal case does not cause this court to have second thoughts in that regard.

Movant has argued that the absence of a note in the transcript in the criminal case that those instructions were read is probative of his claim that they were not read. In view of the other parts of the record as referred to in this court's opinion in the direct appeal, this court does not find that argument persuasive. Neither does this court find persuasive movant's suggestion that footnote 4 in the opinion in the direct appeal is helpful to his argument. That note refers to a statement in the early part of the transcript inserted by a transcriber that observed that during voir dire, there appeared to have been a time when the tape recorder that was used to make the record was not turned on. *See State v. Loveall*, 105 S.W.3d at 574 n. 4. All that can be inferred from the footnote is that a tape recorder was used to make the record at trial rather than a court reporter and that there was an indication in the tran-

---

1. The opinion in the direct appeal did not refer to what movant failed to do in order to preserve the matter for appellate review other than for plain error. The legal file in the direct appeal is before this court as part of the record in this appeal. This court notes that movant did not assert in his motion for new trial in his criminal case that Instruction Nos. 1 and 2 were not read to the jury. For a matter to be preserved for appellate review in

a jury trial, an objection must be made at trial and the objection overruled, the matter must be raised as error in the motion for new trial, and the issue presented in the appeal brief. *State v. Guidorzi*, 895 S.W.2d 225, 228 (Mo. App.1995). This court infers that the matter in the direct appeal was asserted as plain error because it was not included in the motion for new trial filed in that case.

script that there was a time during trial when the tape recorder was not running.

This court finds no basis for movant's claim that his appellate counsel in the direct appeal was ineffective in arguing that Instruction Nos. 1 and 2 were not read at the trial in movant's criminal case. The record does not support that argument. The motion court's determination that movant was not denied effective assistance of appellate counsel is not clearly erroneous. Point III is denied. The judgment denying movant's Rule 29.15 motion is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.