STATE of Missouri, Respondent,

v.

Stanley G. HELTON, Appellant.

No. 42181.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 14, 1980.

Applications to Transfer Denied
Dec. 15, 1980.

Darryl L. Hicks, Warrenton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Paul M. Spinden, Asst. Attys. Gen., Jefferson City, Roy L. Richter, Pros. Atty., Montgomery County, Montgomery City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of robbery in the first degree, a felony under § 560.120, RSMo.1969, and of armed criminal action, a felony under § 559.225, RSMo. Supp.1976. He was sentenced, consecutively, to fifteen years on the robbery count and ten years on the armed criminal action count. We reverse in part.

On March 16, 1978, defendant, accompanied by another man, entered the Site Service Station in High Hill, Montgomery County, Missouri. Defendant pointed a shotgun at the station attendant. The two men took the money from the station's cash drawer. The attendant was made to lie on the floor before he was struck on the head with some sort of instrument.

Defendant charges error in the conviction of both offenses by reason of double jeopardy, citing *Sours v. State*, 593 S.W.2d 208 (Mo.banc, Jan. 1980) (*Sours I*). He is correct as to the armed criminal action sentence.

By authority of *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court ordered *Sours I* vacated and reconsidered. Thereafter, the Missouri Supreme Court reaffirmed its conclusion that a conviction of both armed criminal action and the underlying felony violates the prohibition of double jeopardy. *Sours v. State*, 603 S.W.2d 592 (Mo.banc, 1980) (*Sours II*). The conviction for armed criminal action must be reversed, but the robbery conviction is valid.

Defendant also charges error by reason of the communication of the bailiff with the jury. The testimony relating to his complaint is as follows:

THE COURT: May I have the attention of counsel. The jury has just said they have a question. I am going to have them brought back into the Courtroom so they may present that to the Court.

(Deputy Clemons and Court confer at bench out of hearing of Court Reporter.)

THE COURT: The jury apparently has said they do have a question as to the term "life".

MS. DEAN: I don't know what to do about that.

THE COURT: Let's bring them back in and I will speak to them.

Would you bring in the jury, please.

(The jury is then returned to the courtroom and the following proceedings are had.)

THE COURT: Ladies and Gentlemen of the Jury, I was told by the bailiff that you do have a question. I can only tell you that the instructions given you by the Court contain all of the law on this case and you must bare your verdict on those instructions.

Now, as to that question pertaining to your verdict, I can only ask that you return to the jury room and reread the instructions and see if you can arrive at a verdict.

Section 546.240, RSMo.1978 provides that the bailiff is not to speak or communicate with the jury. In *State v. Davis*, 462 S.W.2d 798 (Mo.1971), our Supreme Court stated:

... communications between jurors and outsiders are not proper but always the emphasis has been concerning the case in which they are sitting and innocent communications do not require the granting of a new trial. Id. at 803.

In addition, defendant did not preserve any error by failing to object prior to his motion for a new trial. Where the misconduct of jurors is first presented in a motion for new trial, an affirmative showing must be made that defendant and his counsel were ignorant of the impropriety until after the trial. *State v. Bollinger*, 560 S.W.2d 606, 608 (Mo.App.1978). The record reflects that defendant and his counsel were fully aware of the communication at trial. "A defendant is not entitled to wait until the verdict is in, thus gambling on the result, and then complain of some misconduct of a juror or some circumstance of which he had knowledge in time to present the matter to the trial court for corrective action." *State v. McQuerry*, 406 S.W.2d 624, 630 (Mo.1966). A trial court must be given an opportunity to correct its errors. *State v. Flowers*, 597 S.W.2d 276, 277–78 (Mo.App.1980). Defendant has failed to demonstrate "plain error" pursuant to Rule 29.12(b).

That part of the judgment of the circuit court imposing a ten year sentence on defendant for armed criminal action is reversed. That part of the judgment imposing the fifteen year sentence for first degree robbery is affirmed.

DOWD, P. J., and REINHARD, J., concur.