STATE of Missouri, Respondent,

v.

Ronald COOPER, Appellant.

No. 52185.

Missouri Court of Appeals,
Eastern District,
Division One.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Ronald E. Pedigo, Farmington, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction on two counts of sexual abuse, § 566.100.-1(2), RSMo 1986, for which he was sentenced to two consecutive two-year terms of imprisonment and given two $200 fines. We affirm.

Defendant asserts the trial court erred in denying his amended motion for a new trial. That motion was based on alleged juror misconduct. Defendant does not contest the sufficiency of the evidence, thus we will only give the evidence necessary to the disposition of the issue on appeal.

Around Thanksgiving of 1984, and again on or about June 28, 1985, defendant was at the home of his wife's half sister. During those two visits he engaged in sexual

contact with his sister-in-law's ten-year-old daughter.

Victim's great aunt and uncle attended defendant's trial but did not testify as witnesses. Defendant alleges aunt and uncle were responsible for three incidents of juror misconduct. Specifically defendant alleges, uncle spoke to some members of the jury panel during a recess after voir dire but prior to the choosing of the jury panel; aunt said loudly to another relative, who is hard of hearing, in the presence of jurors who were on recess, that defendant was sick and should be taken off the street; after the jury had been chosen uncle spoke to a member of the jury although he had been told by the prosecuting attorney not to talk to the jurors. Defendant also alleges another instance of juror misconduct; one juror ate lunch with two women that defendant's wife identified as close friends of victim's mother.

■ Defendant's attorney informed the court of the post-voir dire incident but not of the others. Although both defendant and his attorney were aware of these occurrences prior to the verdict, the court was not informed until defendant filed his amended motion for new trial. The case law is very clear. When allegations of juror misconduct are first presented in the motion for new trial, there must be an affirmative showing that both defendant and his attorney were ignorant of any juror misconduct until after the trial. *State v. McGee*, 336 Mo. 1082, 83 S.W.2d 98, 105[18] (1935); *State v. Clark*, 701 S.W.2d 546, 548[2] (Mo.App.1985); *State v. Helton*, 607 S.W.2d 772, 773[2] (Mo.App.1980) (reversed in part on other grounds). A party cannot witness jury misconduct or improper influences on the jury and wait until after the verdict before deciding if he will object. *Disbrow v. Boehmer*, 711 S.W.2d 917, 927[20] (Mo.App.1986); *Helton*, 607 S.W.2d at 773[4]. Failure to preserve the error precludes later consideration of claims of juror misconduct. *Helton*, 607 S.W.2d at 773[3]. Defendant tries to distinguish this line of cases by arguing he was trying to inform the court when he told his attorney about the alleged misconduct; that his at-torney is the one who failed to inform the court. This distinction is without merit. If counsel has knowledge of alleged misconduct prior to the verdict and delayed presenting the issue to the court the point is waived. *McGee*, 83 S.W.2d at 105[10].

■ Because of the importance of an impartial jury we review for plain error. We do not decide, however, whether defendant's trial attorney had an ethical obligation to report the alleged juror misconduct to the court nor whether his failure to do so was ineffective assistance of counsel. *See Berry v. Allgood*, 672 S.W.2d 74, 78 (Mo.banc 1984). (Appendix).

■ The evidence adduced at the hearing on the amended motion for new trial demonstrated no misconduct or prejudice to defendant. *Yoon v. Consolidated Freightways, Inc.*, 726 S.W.2d 721, 723[2] (Mo.banc 1987). There was no evidence any jurors overheard aunt speaking in the hallway or that uncle said anything to any jurors about the case. Aunt and uncle were not witnesses, and while they should not have been speaking with jurors there was no evidence of prejudice. *Ensco Distributing Corp. v. Oppenheimer Precision Products, Inc.*, 723 S.W.2d 616, 618[3] (Mo.App. 1987) (evidence juror spoke to plaintiff's witnesses). The juror who lunched with the women identified as friends of victim's mother testified at the hearing on the motion that they did not discuss the case, and that she did not know victim or her mother. The women she lunched with, casual acquaintances from prior jury experience, were spectators at this trial not witnesses or parties. There was no evidence of misconduct. *State v. Baum*, 714 S.W.2d 804, 811[6] (Mo.App.1986).

Judgment affirmed. State's motion to dismiss is denied.

SATZ, P.J., and KELLY, J., concur.