STATE of Missouri, Respondent,

v.

Ricky L. MORGAN, Appellant.

Ricky L. MORGAN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60983, 63438.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 28, 1993.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Ricky L. Morgan, appeals from a judgment of conviction for receiving stolen property. He was sentenced as a persistent offender to imprisonment for a term of seven years. Defendant also appeals from the de-

nial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The evidence at trial, viewed in a light most favorable to the verdict, disclosed that in 1990, William Worthen operated a marina located at Horseshoe Lake in Illinois. He owned several boats including an Alumacraft john boat which he stored at the marina. Worthen had secured the boat by running a chain through a handle attached to the front of the boat.

On June 18, 1990, Worthen discovered several of his boats including the john boat had been stolen. The front handle of the john boat had been broken off and was still attached to the security chain. The original purchase price was approximately $600, and the boat was less than six months old when it was stolen. The boat had two serial-numbered identification tags attached to it.

On July 29, 1990, a police officer went to a home in Webster Groves to investigate a report of a stolen boat. The officer found defendant at that location with a john boat which fit the description of Mr. Worthen's stolen boat. The two serial-numbered tags had been pried off the boat. After the officer arrested defendant, defendant told him that he had purchased the john boat for $150 from an unknown man at an unknown gas station somewhere in St. Charles, Missouri.

Mr. Worthen identified the boat as his stolen boat. He inspected the boat at the Webster Groves police station. He recognized the oar locks on the boat and the special reinforcing plates that he had fabricated and installed on the boat himself. He also tested the broken handle against the handle stub on the recovered boat which was a perfect fit.

■ On direct appeal, defendant claims the trial court erred in denying his motion for judgment of acquittal because the state failed to make a submissible case.

■ To establish a prima facie case of receiving stolen property the prosecution must prove that defendant received stolen property with the purpose of depriving the owner of his or her interest and with the knowledge or belief that the property had been stolen. *State v. Gardner*, 741 S.W.2d 1,

9 (Mo.banc 1987), *cert denied*, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988). Here it is conceded that the property was stolen, the issue is whether there was sufficient evidence to prove that the defendant knew or believed that the property had been stolen.

■ A defendant's knowledge is seldom susceptible of proof by direct evidence. *State v. Richardson*, 797 S.W.2d 755, 757 (Mo.App.1990). The mental state is generally established by inference from facts or circumstances in evidence. *Id.*

■ In this case, defendant was found in possession of the stolen john boat within two months after it was stolen. Certainly the jury had a right to disbelieve defendant's evasive explanation for possession of the stolen boat. While recent, unexplained possession of stolen property does not give rise to an inference that the possessor is guilty of receiving stolen property, it is evidence that the jury is entitled to consider bearing on defendant's guilt together with other facts and circumstances in the case. *Gardner*, 741 S.W.2d at 9.

■ Defendant's statement was that he purchased the boat for $150. The evidence was that the boat had been worth $600 six months earlier. Whether the boat had depreciated to 25% of its original value, or whether the price defendant paid was inadequate, was a question of fact for the jury. If defendant bought the stolen boat at an inadequate price, that fact can be sufficient to support an inference of guilty knowledge. *State v. Wood*, 553 S.W.2d 333, 335 (Mo.App. 1977); *see* § 570.080.2(3), RSMo Supp.1992.

Finally, the fact that the serial number identification tags had been pried off is sufficient to support an inference of guilty knowledge. *State v. Jackson*, 732 S.W.2d 558, 560 (Mo.App.1987).

We conclude that the evidence, viewed in a light most favorable to the verdict, was sufficient to support defendant's conviction. Defendant's point is denied.

The judgment of conviction is affirmed. Defendant's appeal from the denial of his

Rule 29.15 motion is dismissed for failure to brief any allegations of error. Rule 84.13(a).

REINHARD and CRIST, JJ., concur.