STATE of Missouri, Respondent,

v.

Maurice E. LINDSEY, Appellant.

Maurice E. LINDSEY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45477, WD 47605.

Missouri Court of Appeals, Western District.

Dec. 14, 1993.

Robert E. Steele, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

A jury convicted Maurice E. Lindsey of receiving stolen property in violation of § 570.080, RSMo 1986. The court sentenced him to a five-year term of imprisonment. Lindsey appeals, claiming that the state did not present sufficient evidence to support his conviction and that the trial court committed prejudicial error in denying his motion for new trial notwithstanding the verdict because there was jury separation without authorization. He also appeals denial of his Rule 29.15 motion for post-conviction relief. We affirm.

Lindsey's conviction resulted from an incident on January 25, 1991, when Ernest Banks heard breaking glass and saw a man carrying a television out of a house at 4414 Troost. The man walked north on Troost before entering an alley behind a nearby apartment building. The man later returned to the house at 4414 Troost without the television.

Banks called the police. When Officer Walter Stansell arrived at the house a brief time later, he saw a man later identified as Lindsey running from the backyard. Stansell chased the man and reported the pursuit on his hand-held radio. Officer Kevin Kendric heard Stansell's report and pulled his

patrol car in front of the suspect and blocked his flight.

Officers arrested and searched Lindsey. In his pockets they found remote controls for a Logic television, a Nintendo game, and a compact disc player. They also found in his clothing a gold chain with a small diamond pendant and a blue light bulb. Stuffed in his pants were a gray nylon jacket and a television antenna. At the police station, officers searched him again and found two gold rings and a black opal ring. Residents of 4414 Troost identified the items as theirs.

Banks told police that Lindsey was not the man he saw. He said Lindsey was much smaller than the man he had seen carrying a television.

Officers followed fresh footprint tracks in the snow from the window of 4414 Troost to an apartment building at 1008 East 44th Street. Behind the building, they found a Logic television wrapped in a black plastic bag. Residents of 4414 Troost identified the television as theirs.

■ When reviewing the sufficiency of evidence, we consider all the evidence and its inferences in a light most favorable to the verdict, and we reject all contrary evidence and inferences. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). We neither weigh the evidence nor determine its reliability or the witnesses' credibility. *Id.; State v. Hamilton,* 817 S.W.2d 8, 11 (Mo.App.1991). Our review is limited to determining whether the jury had sufficient evidence from which to find the defendant guilty beyond a reasonable doubt. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). "Testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case." *State v. Sumowski,* 794 S.W.2d 643, 645 (Mo. banc 1990). A jury may believe all, some or none of a witness' testimony, and the jury must resolve any contradictions or conflicts in that testimony. *Dulany,* 781 S.W.2d at 55. Lindsey contends that the state failed to present sufficient evidence that he "received" stolen property and that he knew the property was stolen. We disagree.

The state charged Lindsey with burglary in the second degree and stealing over $150. In the alternative, it charged Lindsey with receiving stolen property:

[I]n that on or about January 25, 1991, in the County of Jackson, State of Missouri, the defendant, with the purpose to deprive the owners of three gold rings, ninetendo controller, CD remote controller, television remote controller, and television antenna, *received such property,* of a value of at least one hundred fifty dollars, knowing or believing that it had been stolen.[1]

Section 570.080.1, RSMo 1986, provides, "A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." The state charged Lindsey with only "receiving" stolen property—not retaining or disposing of it. The verdict-directing instruction also required the jury to find only that Lindsey "received" property which he knew or believed to be stolen.

■ Lindsey argues that the state had to prove that he received stolen property from another to sustain a conviction. We agree. As stated in *State v. Williams,* 635 S.W.2d 55, 58 (Mo.App.1982):

[Section] 570.080 ... continues to impose criminal fault against one who *receives* stolen property—and, in such case, the evidence must prove a transfer from another to the receiver who then knows [or believes] the property was stolen. [Section] 570.080, however, also imposes criminal fault against one who *retains or disposes* the property with knowledge or belief it was stolen.[2]

"Retains" and "disposes" can denote single-party transactions, but "receives" suggests a two-party transaction. *Williams,* 635 S.W.2d at 58. Lindsey was accused, charged and convicted of receiving stolen property; hence, we must examine the sufficiency of the evidence to support his conviction of a two-party transaction.

---

1. We added the emphasis.

2. Emphasis in the original.

Lindsey asserts that the state presented no evidence that he received stolen property from another individual. We disagree.

Ernest Banks testified that he saw a man, definitely not Lindsey, carrying a Logic television set out of the house at 4414 Troost. Police found Lindsey a brief time later in the house's backyard with a remote control for a Logic television set in one of his pockets. The jury could have reasonably inferred that Lindsey received the property from the larger man described by Banks. We conclude that the jury had sufficient evidence from which to convict him.

■ Lindsey also contends that the evidence was insufficient to establish that he knew or believed that the property had been stolen. "When the sufficiency of the evidence surrounding a defendant's knowledge of the stolen character of property is questioned on appeal, such 'guilty knowledge' on the part of the defendant can be inferred by the circumstances and facts in evidence." *State v. Tomlin*, 830 S.W.2d 31, 33 (Mo.App. 1992). "The state only has the burden of showing that [the] defendant believed that it had been stolen at the time he received, retained or disposed of it." *State v. Hunter*, 750 S.W.2d 134, 138 (Mo.App.1988). The state is not required to produce direct evidence that Lindsey knew the items in question were stolen. *Tomlin*, 830 S.W.2d at 33.

Lindsey's actions could have caused a jury to believe that Lindsey knew or believed that the property he concealed was stolen. He ran when he saw Officer Stansell, conduct belying Lindsey's claim of innocence. He was carrying property stolen from the house: three remote controls, jewelry, a light bulb, a jacket and a television antenna. "[P]ossession of recently stolen property is a circumstance which the jury may consider with other facts and circumstances in determining the alleged receiver's mental state." *State v. Wells*, 752 S.W.2d 396, 398 (Mo.App.1988) (citation omitted). The jury had substantial evidence from which to find that Lindsey knew or believed that the property he received was stolen.

■ Next, Lindsey contends that the trial court committed "prejudicial error in denying [his] motion for new trial notwithstanding the verdict because there was jury separation without the court's authorization and without the consent of the state and defense counsel after the case had been submitted to the jury[.]" Lindsey argues that because a juror left the jury room, entered the courtroom and asked for exhibits after the case had been submitted, Lindsey is entitled to a new trial.

Lindsey's attorney was present in the courtroom when the incident occurred, and he did not object to the juror's separation from the other jurors until after the jury returned a verdict finding Lindsey guilty of receiving stolen property. At that point, Lindsey's attorney said that he wished to make a separate motion for a mistrial "based on juror misconduct, specifically ... his one request, oral request, outside the other jury members after the jury had received the case and the instructions."

■ "[E]vidence of [juror] misconduct should be presented as soon as known to a defendant." *State v. O'Dell*, 684 S.W.2d 453, 468 (Mo.App.1984), *cert. denied*, 488 U.S. 930, 109 S.Ct. 319, 102 L.Ed.2d 337 (1988). When allegations of juror misconduct are first presented after the verdict or in a motion for new trial, the defendant must show that he and his attorney were ignorant of any juror misconduct until after the trial. *State v. McGee*, 336 Mo. 1082, 83 S.W.2d 98, 104 (1935); *State v. Cooper*, 735 S.W.2d 85, 86 (Mo.App.1987); *State v. Clark*, 701 S.W.2d 546, 548 (Mo.App.1985). If either the defendant or counsel had knowledge of the alleged misconduct before the verdict and delayed presenting the issue to the court, the point is waived. *McGee*, 83 S.W.2d at 105; *Cooper*, 735 S.W.2d at 86. "Failure to preserve the error precludes later consideration of claims of juror misconduct." *Id.* "The defendant will not be permitted to lie in wait on a favorable verdict, and then in the event of an adverse verdict be allowed to seek a new trial." *Clark*, 701 S.W.2d at 548. Lindsey waived any contention of error because he did not object when the separation occurred.

■ Lindsey also appeals the denial of his Rule 29.15 motion for post-conviction relief.

Because Lindsey failed to brief his post-conviction claims in his brief on appeal, we deem them to be abandoned. Rule 84.13(a); *State v. Gaines,* 807 S.W.2d 678, n. 1 (Mo. App.1991).

The judgment is affirmed.

All concur.