**STATE of Missouri, Respondent,**

v.

**Ray Anthony PRICE, Appellant.**

No. 73706.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 27, 1998.

Raymond J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Assist. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Ray Anthony Price (Defendant), appeals conviction and sentence for the crime of receiving stolen property, a violation of section 570.080 RSMo 1994. The sole issue is whether there was evidence to support a finding that Defendant "received" stolen property. Defendant argues the evidence would have supported a finding that he stole property found in his possession at the time he was arrested, but was insufficient to support a finding that he received stolen goods from another person. The State's brief concludes, "appellant's conviction should be reversed." We reverse.

■ The grand jury charged Defendant with two charges, burglary in the second degree, a class C felony, in violation of section 569.170 RSMo 1994 "OR IN ALTERNATIVE TO CT I" receiving stolen property, a class C felony in violation of section 570.080 RSMo 1994. The indictment alleged that Defendant received stolen property of a value of at least $150, knowing or believing that it had been stolen, but did not allege that he received it from another. There was no evidence to support a finding that the property of Convent Gardens Apartments (Convent Gardens) was stolen by anyone other than Defendant. An employee of Convent Gardens placed a shovel and a bucket containing ice-melting salt in the apartment building's garage behind a closed, but not locked door. Between five and ten minutes later, the employee and a tenant came outdoors and noticed Defendant attempting to push a full shopping cart up the snowy driveway and away from the building. Another employee recognized some of the items in the shopping cart. It contained five, eighty-pound bags of an ice-melting substance, a leaf blower and an oscillating fan on a stand. When they approached Defendant, they also noticed that he had a jigsaw concealed in his clothing. Tracks in the snow made it obvious that the shopping cart had come from the apartment building's garage.

■ In *State v. Lindsey,* 868 S.W.2d 114, 116 (Mo.App. W.D.1993) the elements of the crime of receiving stolen property were considered. In *Lindsey,* we defined receiving stolen property to be a "two-party transaction." " 'Retains' and 'disposes' can denote single-party transactions, but 'receives' suggests a two-party transaction." *Lindsey* cited *State v. Williams,* 635 S.W.2d 55, 58 (Mo.App.1982) as authority for its observation. Lindsey failed to convince the court that there was no evidence to support a finding that he was part of a two-party transaction. Accordingly, his conviction was affirmed after the court found testimony that "a man, definitely not Lindsey, [was] carrying a Logic television set out of the house...." *Lindsey,* 868 S.W.2d at 117. Accordingly, the *Lindsey* court found the jury could reasonably have inferred that Lindsey received the property from the man described by the witness, who was not Lindsey.

In this case, there was no reference to any other person who could have stolen, or did steal, the items of personal property that Defendant possessed when he was stopped and later arrested. Moreover, the State's closing argument supports this position. The State argued:

Okay, and it makes more sense to believe that the defendant went in there to commit burglary in that there is really nobody else around, there is no testimony that there was anybody else around at the time. If somebody went in there in that small window, I mean, there is only ten minutes, there is a maximum of ten minutes, they said maybe five, maybe up to ten.

The defendant was the only one who could get in there and load up that cart and get out of there in ten minutes. And the thing about it is if they take a little longer break, maybe if they take 15 minutes which most people would take, maybe he's around the corner out of sight and he gets away with it but that's not the way it worked out.

After this argument the State asked the jury to find Defendant guilty of either burglary or receiving. The request was made without reference to any evidence that supported a finding that someone stole the property and, thereafter, Defendant received it. In fact, in rebuttal argument, the State argued, "Common sense dictates that he went in that garage to get that property."

■ Defendant moved for a judgment of acquittal at the close of the State's case for failure to make a submissible case. Defendant did not thereafter object to submission of the verdict directing instruction on Count II for the receiving stolen property charge. In the motion for a new trial, Defendant contends the State failed to make a prima facie case of receiving stolen property [having a value] over $150. As a matter of due process, the state must prove beyond a reasonable doubt that the defendant committed each element of the charged offense. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

When we consider the evidence and all inferences reasonably drawn therefrom, in the light most favorable to the guilty verdict, we find no evidence from which rational jurors could have found beyond a reasonable doubt that Defendant was guilty of receiving stolen property. *State v. Keeler,* 856 S.W.2d 928, 930 (Mo.App. S.D.1993). Without question, the State made a submissible case on the charge of burglary second degree and could have charged and submitted stealing. However, the jury chose to find Defendant guilty on "the alternative charge," but did so without the benefit of any evidence to support a finding that anyone else stole the personal property of Convent Gardens and transferred it to Defendant.

■ In *Keeler,* the concurring opinion observed that it is exasperating that a defendant's villainous conduct goes unpunished, but such a woeful consequence may be the result of a failure to analyze the evidence and file an appropriate charge. We adopt a similar observation. Moreover, submission of the receiving charge is suspect where the State's closing argument acknowledged that the evidence would only support a finding that Defendant was the thief. "The state is held to proof of the elements of the offense it charged, not the one it might have charged." *Id.* at 931.

The conviction and sentence on the charge of receiving stolen property is reversed.

ROBERT G. DOWD, Jr., C.J., and ROBERT E. CRIST, Senior Judge, concur.