Robert MATT, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 74693.

Missouri Court of Appeals, Eastern District, Division Five.

April 20, 1999.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Movant appeals denial of Rule 29.15 post-conviction relief after an evidentiary hearing. Movant filed a timely motion after this court decided his direct appeal from sentences for burglary in the second degree, section 569.170 RSMo 1994 and receiving stolen property, section 570.080 RSMo 1994. He alleged ineffective assistance of trial counsel. The allegations relevant to the issue on appeal are that trial counsel failed to call known and available witnesses to support his alibi defense. We reverse and remand for relevant findings of fact and conclusions which are necessary to reach the merits.

This court affirmed the conviction and sentences. *State v. Matt, Jr.,* 945 S.W.2d 553 (Mo.App.E.D.1997). A jury convicted defendant-movant of burglarizing a business in Louisiana, Missouri on Monday, January 16, 1995 and of receiving stolen property consisting of chainsaws and money with a value of at least $150. Movant filed a copy of the trial transcript in support of the present appeal. The trial court, the prosecutor and the defendant

did not question the applicability of the charge of receiving stolen property to the facts offered in support of the charges. The evidence supported a finding that defendant burglarized and stole items alleged in the information. It would not support a finding someone else had stolen personal property and transferred it to defendant. In opening statement and closing argument, the prosecuting attorney argued that defendant was the thief. On the direct appeal defendant did not question the sufficiency of proof of the charged crime of receiving stolen property. However, we have held that receiving stolen property maybe a two-party crime, *State v. Price*, 980 S.W.2d 143 (1998); *State v. Lindsey*, 868 S.W.2d 114, 116 (Mo.App. W.D.1993). This issue was not presented to this court on the direct appeal and is not before us. The trial court sentenced defendant to concurrent twenty-year terms on the two crimes.

Movant has acknowledged his burden of proving his trial counsel failed to exercise the customary skill and diligence that a reasonable, competent attorney would perform under the same or similar circumstances and that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In order to meet this burden, movant testified by deposition and offered the in-court testimony of the witnesses known to trial counsel but not called in support of an alibi defense. At trial, the State and defendant agreed that there was a party at the home of Bruce Gregorian which involved a televised football game. The critical factual dispute was whether the football game occurred on Sunday, January 15, 1995 or Monday, January 16, 1995. The burglary and stealing occurred during the night of January 16 or the morning of January 17, 1995. Accordingly, if the party occurred on Sunday, defendant could not have committed the criminal acts. He was in Illinois. If the party occurred on Monday night, then the State's evidence was sufficient to support a finding that defendant was in Louisiana, Missouri, and committed the burglary.

Bruce Gregorian testified for the State at the trial. He remembered a party at his home on Monday, January 16, 1995. His home is located one half to one block from Stephens Sales and Service, the place of the burglary and stealing. He remembered there was drinking at the party; that Carrie, defendant's girlfriend, took the last of his money; that defendant left the party for approximately two hours, returned and slept on the floor; and, the next day, defendant had cash money on his person. Mr. Gregorian also testified that several days later he found a number of the stolen chainsaws in the basement of his home. Thereafter, he reported these matters to the police and cooperated with them in tape recording phone conversations with the defendant. These conversations included statements by defendant requesting Mr. Gregorian to lay low, not to tell and perhaps there would be some money for him.

In opening statement defense counsel told the jury that there were a number of persons at the Sunday, January 15, 1995, Gregorian party, one of whom was Russell Moore. Defense counsel told the jury that the party included a lot of drinking and there were drugs. He indicated there would be evidence that Russell Moore and Carrie left the party at about 10:30 p.m. and did not return. At approximately midnight, defendant left for about one hour and returned empty handed. Defendant slept at Gregorian's home until the next day when Russell Moore came to take him to Illinois.

Movant alleged in his post-conviction motion that his trial counsel was ineffective for not calling Robert Moore and Walter Krummel as witnesses to support his contention that the party occurred on Sunday, January 15, 1995 and that he was in Illinois from and after the mid-afternoon of January 16, 1995. Movant was charged, tried, and sentenced as a prior and persis-

tent offender. He did not testify during the trial. The only witness called by defendant was the Chief of Police to offer testimony regarding some tape recorded phone conversations made by Bruce Gregorian and the police in an effort to obtain incriminating statements from movant. Thus, there were no witnesses for defendant to testify the party was on Sunday night.

Russell P. Moore testified for movant. He was an acquaintance of movant and Bruce Gregorian. He was at the party at Bruce's house in January of 1995. He remembered that the party was on a Sunday and it was in January of 1995. He could not remember the exact date. The reason for the party was a football game, "we was gettin' together for the game." He arrived at two in the afternoon and left about 10:00 p.m. He returned at 9:30 a.m. the next day, picked up movant and they went to a body shop in Illinois. The trip from Louisiana, Missouri to the Illinois location lasted three hours. He did not recall attending a Monday, January 16 party. He remembered talking to an investigator of defense counsel. He was not called as a witness. However, he would have testified, if called, in accord with his motion testimony. He acknowledged on cross-examination that this happened some time ago and he was "approximating". However, he reaffirmed that the party was on Sunday.

Walter W. Krummel testified for movant. He operates a trailer manufacturing business in Donaldson, Illinois, a distance of three hours drive from Louisiana, Missouri. He has known movant as a "local boy down there." In January 1995, movant was working for him at night as a welder. Mr. Krummel's home and business were at the same location and he had to unlock the business in order that movant could, on January 16, 1995, work from 6:00 p.m. until 7:00 a.m. the next morning. He noted on a calendar that during that night movant burnt his arm. He saved the calendar because he did not have worker's compensation coverage. Movant did not work on Saturdays and Sundays, he worked the other five days of the week. Mr. Krummel was contacted by an investigator for the public defender. When he talked to the public defender's office, he answered "about everything they asked me. They didn't ask me a lot." He assumed he was going to get a subpoena. He was not subpoenaed but he came to court on the date of the trial. When he arrived the investigator said, " They didn't need me because they had a tape recording and there was no sense in me being here. He was automatically guilty." Mr. Krummel produced the calendar. It was received in evidence.

The State offered the testimony of James D. Beck, movant's trial counsel. He affirmed that alibi was the defense. He did not talk with Mr. Moore and Mr. Krummel. Mr. Kummel told his investigator that movant did work for him in the evenings in January and February 1995. However, Mr. Krummel indicated he had no way of knowing which days, for sure, he worked. He had no way of verifying specific nights. He did not talk with Mr. Moore. He understood Mr. Moore was at the party on a "Sunday, uh, could not recall specifically which date." He indicated there was a football game going on that time. He also indicated that there was a substantial amount of drinking as well as drug usage going on and he left at some point in the evening.

Mr. Beck recalled Mr. Moore's comments and that he and movant decided not to call Mr. Moore as a witness. His explanation for not calling Mr. Moore was, "One, he had nothing to add to the trial. Uh, there was concern over the fact that there still was that time frame that was not accounted for. Uh, Mr. Moore's testimony would not assist us with that. Also, there was some concern over the fact that he would be testifying that there was a substantial amount of drug and alcohol usage that evening which we felt would be prejudicial to the jury as well." Mr. Beck

said it was a matter of trial strategy in not deciding to call Mr. Moore.

With regard to Mr. Krummel, Mr. Beck explained:

Q So it was a matter of trial strategy in deciding not to have Mr. Moore testify?

A That's correct.

Q What about Mr. Crummel [sic]?

A Uh, Mr. Crummel essentially, I indicated to you what he told us earlier, could not pinpoint any specific dates. I believe he also sent Mr. Matt a letter which we retrieved also indicating his willingness to testify and willingness to state that Mr. Matt did work for him during those months but not to state any specific dates and we discussed that also with Mr. Matt.

Q And did Mr. Matt make a decision with regard to Mr. Crummel's testimony?

A Yes. At that time we decided it would not be necessary to call him.

Q Because he wouldn't have anything significant to add?

A That's correct.

Q And that was a matter of trial strategy that you discussed with Mr. Matt?

A That is correct.

Mr. Beck recalled that he and movant were aware that Mr. Krummel may have had a problem if he testified because of matters involved in the operation of his business. It was not clear whether Beck hired movant as an employee or an independent contractor. Mr. Krummel considered him to be an independent contractor.

Mr. Beck testified with respect to Mr. Krummel and Mr. Moore that the decision not to call them as witnesses was made jointly with movant and that the decisions were matters of trial strategy. Apparently, the argument and the strategy were based on Mr. Beck's stated reasons for not calling the witnesses.

The court entered summary findings, conclusions of law and a judgment denying

relief. The findings of fact relate to the original conviction; the date of sentencing; the appeal and the result of the appeal; the filing of a 29.15 Motion; the fact that an evidentiary hearing was held; movant testified by deposition; Walter Krummel and Russell Moore testified for movant; and, trial counsel testified for the State. The court made no findings of fact regarding the issue of ineffective assistance of counsel for failure to call known and available witnesses to support the defense of alibi except for the general conclusion the decisions were a matter of trial strategy. The court concluded Movant failed to meet his burden of proof on the allegations of ineffective assistance. It also concluded, "the allegations concerning movant's counsel's failure to call certain witnesses at trial failed to prove that trial counsel James Beck was ineffective in that trial counsel James Beck testified that all decisions regarding whether or not to call any certain witness were conferred with between movant and Mr. Beck and were the decision of movant as a matter of trial strategy."

The Court did not make findings on whether: (1) Mr. Moore had something to add to the trial; (2) a time frame problem detracted from his testimony the party was on a Sunday; (3) Mr. Moore could assist defendant as a witness; and, (4) whether Mr. Moore's knowledge of alcohol and drugs at the party would be a basis not to call him in a case whether counsel disclosed those facts in his opening statement. It made no findings on similar factors in not calling Mr. Krummel. It did not decide the matter of credibility of Moore and Krummel. Rule 29.15 contemplates findings of fact on all issues of ineffective assistance. *State v. Deprow*, 937 S.W.2d 748, 750–751 (Mo.App. S.D.1997). The motion court must address specific issues which require findings of fact, and its failure to do so is reversible error. *State v. Burks*, 952 S.W.2d 319, 320 (Mo. App. E.D.1997).

■ The judgment denying post-conviction relief on the issue of not calling alibi witnesses where that was the defense was based entirely upon a conclusion that trial counsel conferred with movant regarding calling witness Moore and witness Krummel and the Motion courts abbreviated all decisions movant concurred in as a matter of trial strategy. We conclude the findings that were made and the general conclusion did not comply with Rule 29.15(j). In the absence of findings of fact on credibility and regarding the explanations of trial counsel for not calling each witness it is not possible for this court to review whether counsel's decisions were trial strategy of an effective attorney and whether the court's general conclusion was or was not clearly erroneous.

With respect to the possibility of calling witness Moore, counsel concluded the witness had nothing to add to the trial. If the court believed there was no uncertainty regarding Mr. Moore's testimony that the party occurred on Sunday then this explanation will not support finding it was a strategic basis not to call Moore. Counsel testified that he was informed Mr. Moore said he was at a party on Sunday. An inability to recall a specific date would seem to be of no consequence to the factual dispute of whether the party occurred on a Sunday or a Monday. If believed, Mr. Moore's testimony the party was on Sunday would have a significant benefit on the defense of alibi.

Counsel's belief Mr. Krummel would not be helpful because he could not pinpoint any specific date is contradicted by Krummel's testimony that the party must have been on a Sunday, he only employed defendant on weekdays, not weekends. Thus, on Monday, January 16, 1995, defendant was at work in Illinois. Without relying on specifics, that testimony, if believed, would have supported for the alibi defense.

■ If the witnesses were believed by the jury their individual or collective testimony would have been sufficient to change the result of the trial. The Motion court

did not reach or decide with findings of any fact issues regarding the witnesses. Generally, a decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance unless appellant clearly establishes otherwise. *State v. Walden,* 861 S.W.2d 182, 186 (Mo.App. W.D.1993). Moreover, a decision not to call a witness if counsel believes that witness's testimony would not unqualifiedly support the defense, are virtually unchallengeable. *State v. Johnson,* 901 S.W.2d 60, 63 (Mo. banc 1995).

■ However, testimony that a decision was a matter of trial strategy need not be accepted on that basis if it fails to constitute an exercise of the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. Trial strategy must be reasonable to meet the requirements. The motion hearing produced evidence to permit findings on the factors which either supported or opposed the decisions of counsel as reasonable trial strategy. The contested issue at trial was alibi. The factual dispute was whether the party occurred on Sunday or Monday. Movant informed his counsel before trial of two witnesses who could testify with little reservation that the party occurred on a Sunday. Subject to findings of the Motion court on credibility and on the substantive issues raised in the motion for post-conviction relief, we can not review whether trial counsel's "trial strategy" was an exercise of the customary skill and diligence of a reasonably competent attorney. Movant's concurrence with decisions of counsel is a basis to deny relief only if supported by acts of counsel which meet the required standard of performance.

On remand, the Motion court may consider whether the explanations offered by trial counsel as a basis for discussion with movant and a decision not to call Mr. Moore, considered in light of the conduct of trial counsel, represents a basis of trial

strategy of an attorney exercising the required skill and diligence. Similarly, on remand the trial court may consider whether trial counsel was performing according to the required degree of skill and diligence when he concluded with defendant that Mr. Krummel would not be called merely because he could not have testified regarding specific dates. The critical fact dispute was not about dates it was about days of the week and Mr. Krummel was certain that defendant worked for him Monday through Friday, not on Saturday or Sunday. With respect to a possible handicap for Mr. Krummel in testifying for defendant, the court may consider trial counsel's obligation was solely to use the customary skill and diligence of a competent attorney on behalf of defendant. Mr. Krummel was a willing and available witness without regard to any adverse business or tax consequence to himself.

We reverse and remand for findings of fact and conclusions of law on all issues presented.

JAMES A. PUDLOWSKI, J. concur.

ROBERT G. DOWD, Jr., C.J. concurs in result in separate opinion.

ROBERT G. DOWD, Jr., Chief Judge, concurring.

I concur in the result of this case, but write separately to express concern as to the specific issues on which the motion court is required to make findings. Rule 29.15(j) states that "the court shall issue findings of fact and conclusions of law on all issues presented." The issue presented in this case is whether trial counsel's failure to call two particular witnesses to establish an alibi defense was reasonable trial strategy. I would reverse and remand for findings of fact and conclusions of law about what the attorney knew or should have known through reasonable investigation at the time of trial concerning what these witnesses would have testified to, and based on that, whether trial counsel's actions were reasonable trial strategy[1]. I disagree with the majority's analysis of the specific findings the motion court must make. However, I agree the motion court may use these as guidance in making findings concerning whether trial counsel's decision was reasonable trial strategy. For this reason, I concur in result only.

---

1. I would reiterate that *Strickland* is a two-part test. Should the motion court find trial counsel's decision to be unreasonable trial strategy, then the motion court must determine whether trial counsel's deficient performance prejudiced Movant's defense. *State v. McElroy,* 838 S.W.2d 43, 48 (Mo.App. E.D. 1992).