**STATE of Missouri, Respondent,**

v.

**Benjamin BIRD, Appellant.**

**No. ED 74827.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 7, 1999.

Nancy A. McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Barbara K. Chesser, Assistant Attorney General, Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant appeals convictions and consecutive sentences on three felonies filed in one information: (1) Count I charged receiving stolen property in that, between December 10, 1996 and March 15, 1997, he "retained" a Winchester 30–30 rifle "knowing or believing that it had been stolen;" (2) Count IV charged burglary in the second degree committed on November 1, 1997; and, (3) Count V charged possession of burglar's tools on November 1, 1997. The information also charged defendant in Count II with burglary second degree and Count III with possession of burglary tools both occurring on March 17, 1997. The jury found defendant not guilty of Counts II and III.

Defendant's first point contends the court erred in not granting a motion for judgment of acquittal on Count I. In order to support the charge of receiving stolen property, the state bears the burden of proving beyond a reasonable doubt that:

(1) defendant retained a 30–30 Winchester rifle that was in fact stolen; (2) defendant exercised dominion over the rifle by receiving, retaining or disposing of it; (3) defendant knew or believed the rifle had been stolen; and, (4) defendant intended to deprive the owner of a lawful interest in the property. *State v. Taylor*, 691 S.W.2d 379, 381–82 (Mo.App.1985). On this point we review the evidence in the light most favorable to the verdict, "including all favorable inferences drawn from the evidence and disregard[s] all evidence and inferences to the contrary." *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993) *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

Defendant's principal challenge is to the third element of the offense, knowledge or belief. There is no dispute that the weapon was stolen on December 10, 1996 in a burglary of the home of Kody Newkirk. Newkirk paid around $300.00 for the rifle. After the burglary, Newkirk first saw his rifle on August 14, 1997 at PHD Sporting Goods. A second weapon stolen in the December 1996 burglary was subsequently found in the possession of a person other than defendant.

Sometime in "January and February 1997," Keith Long put two axles on an automobile of defendant's wife. At some unidentified time thereafter, Long went to defendant's home for payment for the automobile repairs. Long agreed to accept the 30–30 Winchester as compensation for his work. There is no evidence to support a finding of the value of the repairs or that the rifle was worth more than the repair charges. Long did not know the rifle was stolen. He subsequently traded the rifle at PHD Sporting Goods for another gun.

Rodney Phegley, co-owner of PHD Sporting Goods, did not know the rifle was stolen. He testified that the rifle had a retail value of about $225.00. The serial number on the rifle was untouched. He had no way of knowing that the rifle had been stolen because Newkirk made no record of the serial number, and the number was unavailable after the burglary.

We conclude that the evidence viewed in light of the verdict is insufficient to support the verdict. There is no evidence to support a finding connecting defendant with the December 10, 1996 burglary during which the rifle was stolen. There is no evidence to support a finding regarding the circumstances in which defendant obtained the rifle. Particularly, there is no evidence to support finding when defendant acquired the rifle. Thus, there is no unexplained possession by defendant of recently stolen property. The jury may consider this circumstance when determining whether defendant knew or believed the stolen nature of the property. *State v. Taylor*, 691 S.W.2d 379, 382 (Mo.App.1985) *citing State v. Sours*, 633 S.W.2d 255, 258 (Mo.App.1982). However, there must also be evidence to support finding "recent." The state relies on *State v. Lindsey*, 868 S.W.2d 114, 117 (Mo.App. W.D.1993) and *State v. Morgan*, 861 S.W.2d 221, 222 (Mo. App. E.D.1993), which both involve "recently" stolen property as the basis for an inference that defendants knew they possessed stolen property. However, these cases are inapposite.

In *Morgan*, defendant was charged with stealing a johnboat in June 1990. *State v. Morgan*, 861 S.W.2d 221, 222 (Mo.App. E.D.1993). In July 1990 it was found at his home with the serial number tags removed. *Id.* Defendant told the police he paid $150.00 for the boat from an unidentified person. *Id.* There was evidence the boat had a value of $600.00. *Id.* We affirmed the conviction relying on evidence of a recent theft, defendant's possession of the boat with serial numbers removed and the apparent fabricated story of purchase. *Id.* In the present case there is no evidence to support a finding that defendant acquired the rifle near to the time it was stolen; no evidence to support a finding that anything connected to the rifle would suggest that it was stolen; and, no state-

ment of the defendant which would infer knowledge. Defendant did not testify.

In *Lindsey* the defendant was found in the backyard of a home, which had been burglarized shortly before. *State v. Lindsey*, 868 S.W.2d 114, 116 (Mo.App. W.D. 1993). A witness observed a man, not the defendant, carry a television from the home and saw a man return to the house. *Id.* at 117. He called the police. *Id.* When a police officer caught defendant in the backyard a "short time later" defendant had in his possession a television antenna and remote controls for a television of the make or model stolen. *Id.* Further, the police located the television and its connection to the burglary by following tracks in the snow. *Id.* at 116. There was direct evidence of: (1) a theft immediately before the arrest; (2) defendant's possession of recently stolen property; and, (3) possession of equipment related to the television. *Id.* at 117. This constituted substantial evidence to support inferences defendant knew or believed that he received stolen property. *Id.* There is no such evidence in the present case. The conviction and sentence on the charge in Count I, receiving stolen property, is reversed for lack of sufficient evidence to make a submissible case.

Defendant's second point argues the court erred in failing to sustain his timely motion for a severance because joinder was improper. On December 31, 1997 the state filed an information charging five felonies. Defendant filed a motion for severance on March 2, 1998. He alleged, inter alia:

3. Severance of offenses should be granted if their joinder for trial would result in substantial prejudice to the accused. Section 545.885 RSMo. (1994)

4. Joinder of these offenses would result in substantial prejudice to defendant because the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge.

\* \* \*

6. Count I allegedly occurred between December 10, 1996 and March 15, 1997; Counts II and III allegedly occurred on March 17, 1997; Counts IV and V allegedly occurred on November 1, 1997.

7. Although the five charges involve three separate incidents, allegedly occurring at very different points in time, the five charges were all filed together by the Prosecuting Attorney on November 2, 1997.

\* \* \*

9. Denial of defendant's motion will violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 10 and 18(a) of the Missouri Constitution and the laws of Missouri.

The prosecuting attorney resisted the motion for severance on the basis of the "similar nature of these particular crimes and the close proximity to which they were committed." He told the court all the crimes "were committed in the same proximity to each other, both in time and location, and the methods used in this modus operandi, if you will, is similar in all cases which makes this a continuing act." He argued that the three cases stemmed from burglaries where a tire tool and some sort of gloves were used. Further, they were done in a similar neighborhood, approximately six to eight blocks in area, all done about the same time of night, and the method of entry, prying a door open in an unlit area, was the same in each case. He also argued "the defendant is not prejudiced in this case. He can take the stand and testify concerning each of these." Defendant argued that any evidence of how the December 1996 burglary occurred, which thereafter was connected with the receiving stolen property charge, was irrelevant.

The court denied the severance but expressed concern about the time lapse between the mid-March and early November burglaries. The prosecutor contended that "completion of this particular crime of Count I actually happened later even than March." The court expressed feeling "somewhat skeptical," but denied the severance.

■ The state argues that we should not review a claim that joinder was improper because the motion was a motion for severance. Thus, "appellant waived this claim in that he never raised the issue of improper joinder before trial and under rule 24.04(b)(2) objections to the information must be raised pretrial or they are waived." The state argues that the rule requires a motion raising defenses and objections. Rule 24.04(b)(2). We find the motion for severance, expressly filed pursuant to Rule 24.07 and section 545.885 RSMo 1994, complied with the requirements of Rule 24.04(b)(2). Defendant alleged improper joinder and substantial prejudice. The issue was preserved in his motion for new trial. Our review of a denial of a motion for severance requires a two-part analysis. First, we must examine whether the offenses were properly joined in the indictment. *State v. Sims,* 764 S.W.2d 692, 696 (Mo.App.1988); *State v. Smith,* 682 S.W.2d 861, 864 (Mo.App.1984). If joinder was improper than we presume prejudice. *State v. Simmons,* 815 S.W.2d 426, 430 (Mo. banc 1991). If joinder was proper, then the second part of our review is whether the court abused its discretion in denying a severance of charges that are properly joined. *Sims,* 764 S.W.2d at 696 (citations omitted). We conclude the allegations in the motion for severance were timely and sufficiently presented the issue of unlawful joinder and discretionary severance to the trial court. Accordingly, we review for preserved error.

Joinder is proper where offenses: (1) are of the same or similar character; (2) are based on the same act or transaction; or, (3) are based on two or more transactions connected together or constituting parts of a common scheme or plan. Section 545.140.2 and counterpart Rule 23.05; *State v. Forister,* 823 S.W.2d 504, 509 (Mo. App.1992). The second and third possibilities have no application here.

■ Count I, receiving stolen property, has no "same or similar character" relationship with Counts II and III and Counts IV and V, the burglary and possession of burglary tools charges. The burglary charges involved an unlawful entry into an unoccupied home in a residential neighborhood. The receiving stolen property charge involved possession of a 30–30 rifle and disposition of the rifle. The state did not charge and did not offer evidence to prove defendant burglarized a residence on December 10, 1996 and therein acquired the 30–30 rifle. The act of receiving stolen property contributes nothing to the felonies charged in Counts II through V, and the acts alleged in those counts contribute nothing to a resolution of the receiving stolen property charge. The offenses are not of the same or similar character.

The prosecuting attorney opposed the motion for severance by arguing, in part, that the evidence would connect the burglaries. Specifically, he argued that a crowbar and what appeared to be glove prints left at the scene of the March 17 burglary were similar to the November 1 burglary. He also argued that the items taken were similar in nature, "either took guns, loose change or jewelry in all these different cases." He described some of those items, including, the "pair of missing, nature of the pillowcases in both cases. In Count I there was a pillowcase that was missing, and in Count[s] II and III there was a pillowcase that had been taken off the bed." The court considered this statement as an offer to prove "tie-ends" among the charged crimes. However, there was no evidence of missing pillowcases, no evidence of a crowbar and no evidence of glove prints being found at the December 1996 burglary. The items stolen in that

burglary were completely different from those taken in the November 1997 burglary. Nothing was taken in the March 17, 1997 burglary. Thus, the prosecuting attorney overcame the motion for severance by stating to the court that there would be evidence of common characteristics among the five crimes. The evidence was not offered. Further, the state's citation of events, which occurred before the court but not the jury, is of no consequence. The state's argument that defendant could cure any possibility of prejudice by testifying wholly misses the mark. While defendant had the right not to testify, his motion was directed at preserving his choice in each case, if tried separately.

If we confine our analysis of joinder and severance to the receiving stolen property charge and the November 1997 burglary, excluding the March 1997 burglary and related charge, then the difference in crimes and the absence of a same transaction connection to establish a common scheme or plan is obvious. The state's argument and the court's decision assumed defendant committed the burglary in December 1996. But, the state did not charge defendant with that burglary and there was no evidence to support a finding he committed that burglary. Even a similarity of the three burglaries will not support a finding that defendant committed the December 1996 burglary or acquired the rifle at the Newkirk house. In the absence of evidence that he did, and in the absence of evidence as to the circumstances in which he acquired the stolen rifle, the joinder of the receiving stolen property case with the burglary charges was unauthorized. We hold, as a matter of law, the court erred in not finding that the five counts were improperly joined. *State v. Brown,* 954 S.W.2d 396, 398 (Mo.App. E.D.1997). The joinder is presumptively prejudicial and not a basis to support a finding of no prejudice.

The conviction and sentence on Count I is reversed. Convictions and sentences on Count IV, burglary in the second degree, and Count V, possession of burglary tools are reversed, and those counts are remanded for a new trial.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.