Juan PAYNE, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75813.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 28, 1999.

Alan G. Kimbrell, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Judge.

Juan Payne (Movant) appeals the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Movant contends the motion court erred in denying his post-conviction motion in that (1) his trial counsel was ineffective for not allowing Movant to testify at trial, and (2) his trial counsel was ineffective for refusing to call Movant's alibi witnesses at trial. We reverse and remand in part and affirm in part.

Movant was convicted of one count of murder in the second degree, Section 565.021, RSMo 1994, and one count of armed criminal action, Section 571.015, RSMo 1994. Movant was sentenced to two concurrent terms of life in prison. On direct appeal, we affirmed Movant's convictions and sentences. *State v. Payne*, 958 S.W.2d 561 (Mo.App. E.D.1997). Movant filed a timely pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15. Counsel for Movant entered an appearance on his behalf, but no amended motion was filed. An evidentiary hearing was held. The motion court entered an order denying post-conviction relief. This appeal follows.

In his first point, Movant contends the motion court erred in denying his Rule 29.15 motion because his trial counsel was ineffective for not allowing Movant to testify at trial. We reverse and remand for relevant findings of fact and conclusions which are necessary to reach the merits for appropriate appellate review.

Appellate review of the denial of a post-conviction motion is limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *State v. Cosby*, 976 S.W.2d 464, 468 (Mo.App. E.D.1998). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the reviewing court is left with a firm impression that a mistake has been made. *Cosby*, 976 S.W.2d at 468. To establish a violation of effective assistance of counsel, Movant must establish by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) Movant was prejudiced by the ineffective assistance of counsel. *State v. Hall*, 982 S.W.2d 675, 680 (Mo.1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To prove prejudice, Movant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

The right to testify is a fundamental decision that a defendant has a right to make. *State v. Holcomb*, 956 S.W.2d 286, 296 (Mo.App. W.D.1997). As a general rule, advice of counsel on the decision of whether or not to testify is a matter of trial strategy. *Id.* Absent exceptional circumstances, it is not grounds for post-conviction relief. *Id.* Rule 29.15 contemplates findings of fact on all issues of ineffective assistance. *Matt v. State*, 992 S.W.2d 269, 273 (Mo.App. E.D.1999). Findings and conclusions cannot be supplied by implication from the court's ruling. *State v. Deprow*, 937 S.W.2d 748, 751 (Mo.App. S.D.1997). The absence of findings or conclusions giving the basis for the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substance to review. *Id.* The motion court must address specific issues which require findings of fact, and its failure to do so is reversible error. *Matt*, 992 S.W.2d at 273.

At the post-conviction hearing, Movant's trial counsel, Goldstein, testified that Movant made the decision not to testify at trial. Movant testified that he wanted to testify at trial. Movant's co-counsel, Gentle, also testified that Movant wanted to testify at trial. The motion court found Movant "accepted the advice of his attor-

ney and decided not to take the stand and testify in his own defense." We defer to the motion court's superior opportunity to judge the credibility of the witnesses. *State v. Simmons,* 955 S.W.2d 752, 773 (Mo.1997) (citing *State v. Twenter,* 818 S.W.2d 628, 635 (Mo.1991)). The court made three findings of fact in its order regarding Movant's decision to testify. Paragraph 8 states:

8. No evidence of the stabbing had been admitted in the state's case and had [M]ovant testified in his own defense he would have been subject to cross examination as to his prior relationship with the decedent, Mr. Arlee Jones. The fact that decedent had stabbed [M]ovant in 1991 would tend to establish motive, which the state would have been entitled to prove. *State v. Kurtz,* 564 S.W.2d 856, 858 (Mo. banc 1978). Obviously, this evidence would have been very prejudicial to [M]ovant; therefore, there was a rational basis for Mr. Goldstein's advice to his client and his decision constituted a matter of trial strategy.

Paragraphs 11 and 12, regarding the credibility of the witnesses, state:

11. Movant's testimony that he was unaware of his right to testify is not credible and is unworthy of belief.

12. Mr. Goldstein did not prevent [M]ovant from testifying; [M]ovant accepted the advice of his attorney and decided not to take the stand and testify in his own defense.

The State conceded at oral arguments and we agree based on the record that the findings in paragraph 8 are wrong. Evidence of the prior relationship between Movant and the decedent had already been admitted into evidence. Paragraphs 11 and 12 reveal that the motion court believed Goldstein's testimony and found him more credible. However, the trial court made no findings of fact or conclusions regarding the issue of ineffective assistance of counsel—whether the advice not to testify was an exercise of the "custom-

ary skill and diligence that a reasonably competent attorney would perform under similar circumstances." *Hall,* 982 S.W.2d at 680. Subject to findings of the motion court on credibility and on the substantive issues raised in the motion for post-conviction relief, we cannot review whether trial counsel's "trial strategy" was an exercise of the customary skill and diligence of a reasonably competent attorney. We reverse and remand on point one for findings of fact and conclusions of law on the issue presented.

■ In his second point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion because his trial counsel was ineffective for refusing to call Movant's alibi witnesses at trial. We disagree.

■ The selection of witnesses and the introduction of evidence are questions of trial strategy. *Leisure v. State,* 828 S.W.2d 872, 875 (Mo.1992). A decision not to call witnesses to testify, as a matter of trial strategy, is virtually unchallengeable. *Id.*

At the post-conviction hearing, trial counsel Goldstein testified that Movant made the decision not to put on alibi witnesses. Goldstein also testified that the decision not to put on alibi witnesses was trial strategy. Goldstein testified the alibi witnesses were all family members and Goldstein felt their use in Movant's first trial was not effective and decided not to use them in the second trial as a matter of trial strategy. The motion court found "Mr. Goldstein decided, as a matter of trial strategy, not to offer the alibi defense. This decision, given the fact that [M]ovant's alibi defense was rejected by the jury in the first trial, was a rational and informed determination by counsel." We defer to the motion court's superior opportunity to judge the credibility of the witnesses. *State v. Simmons,* 955 S.W.2d at 773. We find the motion court's findings and conclusions on the issue of trial coun-

sel's advice on calling alibi witnesses were not clearly erroneous. Point denied.

We reverse and remand in part and affirm in part.

CRANE, P.J., and SULLIVAN, J., concur.